IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-981-WKW |
| ) | [WO] |
| HANIL E HWA INTERIOR ) | |
| SYSTEMS ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This case is before the court on Defendant Hanil E Hwa Interior Systems Alabama, LLC's Motion to Change Venue, in which Defendant requests that venue be transferred from the Middle District of Alabama to the Southern District of Alabama pursuant to 28 U.S.C. § 1406(a). (Doc. # 14.) For the reasons stated below, the motion is due to be granted.

### **I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Christopher Smith filed this lawsuit on September 24, 2014, in the Middle District of Alabama. His complaint alleges that he was the victim of sexual harassment at the hands of his supervisor while he was employed at Defendant's Dallas County, Alabama plant. In light of the fact that Mr. Smith's complaint is based entirely upon incidences that took place in Dallas County, Alabama, Defendant seeks a change of venue from the Middle District of Alabama to the

Southern District of Alabama, where Dallas County, Alabama sits. Mr. Smith does not oppose the transfer of this action.[1]

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, for this action to be transferred in accordance with § 1406(a), venue in this district must be improper.

For venue to be proper in this Title VII action, it must be brought (1) in the judicial district "in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintain and administered, or" (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). As Defendant highlights, none of the above criteria is met. First, the alleged unlawful employment practices that serve as the basis for Mr. Smith's complaint all occurred in Dallas County, Alabama. Second, there is no assertion or evidence

---

[1] Mr. Smith was ordered to show cause on or before May 12, 2015, as to why Defendant's motion to change venue should not be granted. (Doc. # 16.) The court explained that should Mr. Smith fail to respond to the motion, the motion would be deemed unopposed. As of May 19, 2015, Mr. Smith has not filed an opposition or otherwise responded.

that Defendant maintains or administers employment records relevant to the conduct alleged at its Montgomery County facility. Third, Mr. Smith never worked in Defendant's Montgomery County facility, nor would he have but for the alleged unlawful employment practice. Accordingly, venue is not proper in the Middle District of Alabama.

### III.  CONCLUSION

Based on the foregoing analysis, it is ORDERED that:

(1)   The Order (Doc. # 9) referring this case to Magistrate Judge Paul W. Greene is VACATED;

(2)   Defendant Hanil E Hwa Interior Systems Alabama, LLC's Motion to Change Venue (Doc. # 14) is GRANTED;

(3)   this case is TRANSFERRED to the Southern District of Alabama; and

(4)   the Clerk of the Court is DIRECTED to take the necessary steps to effectuate the terms of this order.

DONE this 19th day of May, 2015.

                           /s/ W. Keith Watkins
                    CHIEF UNITED STATES DISTRICT JUDGE